# IN THE COURT OF APPEALS OF IOWA

No. 23-1666
Filed May 21, 2025

**CEERON TEARRENCE WILLIAMS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.

Ceeron Williams appeals the denial of his application for postconviction relief. **AFFIRMED.**

Jane M. White of Boles Witosky Stewart Law PLLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered without oral argument by Langholz, P.J., Sandy, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**DOYLE, Senior Judge.**

Ceeron Williams[1] appeals the denial of his application for postconviction relief (PCR) from his convictions for assault with the intent to inflict serious injury, intimidation with a dangerous weapon with intent, and willful injury causing serious injury. This court affirmed his convictions on direct appeal. *State v. Williams*, No. 20-1466, 2021 WL 5458027, at *1 (Iowa Ct. App. Nov. 23, 2021). There he argued "the evidence was insufficient to prove he was the shooter in the incident resulting in his convictions, highlighting the impairment of the witnesses to the crime and the alleged depletion of their recollections over the passage of time." *Id.* Williams' application for further review was denied by the supreme court on January 19, 2022.

Williams then applied for PCR, arguing his trial counsel was constitutionally ineffective in: (1) failing to properly cross-examine witnesses regarding their impairment by illegal and legal substances, (2) failing to properly cross-examine and impeach witnesses with the witnesses' prior criminal records, (3) failing to properly cross-examine witnesses regarding how the human memory operates and that a person's memory does not get better over time, (4) failing to properly investigate the issue of witnesses being impaired by substances and failing to hire a toxicologist to explain how substances affect a person's memory and ability to perceive events, (5) failing to object to the racial makeup of the seated jury as well as the racial makeup of the jury pool per *Lilly/Plain* (*State v. Lilly*, 930 N.W.2d 293

---

[1] Williams' middle name is spelled as both Tearrence and Tearence throughout district court and appellate filings. In documents filled out by Williams, he prints his middle name as Tearrence.

(Iowa 2019), *State v. Plain*, 898 N.W.2d 801 (Iowa 2017)), (6) failing to make a *Batson v. Kentucky*, 476 U.S. 79 (1986) challenge as to how the final jury was seated, (7) failing to request an Accomplice Jury Instruction (Model Instruction 200.4), (8) failing to properly cross-examine witnesses with prior inconsistent statements, (9) failing to properly cross-examine Raylon Canada regarding any informal or formal proffer agreement to testify to avoid prosecution for attempted murder and other charges in both State and Federal court, and (10) failing to properly prepare a defense including but not limited to failing to call witnesses at trial to refute the claims made by the State of Iowa. Following a hearing on the matter, the PCR court addressed the ten items raised by Williams. As to each item, the court found "Williams has failed to establish a breach of an essential duty or that prejudice resulted." The PCR court dismissed the application and Williams appeals.

Williams raises the same arguments on appeal—as well as a cumulative prejudice argument. On our de novo review, *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019), we agree with the PCR court that Williams failed to establish his trial counsel breached an essential duty and failed to show prejudice resulted from any of the claimed breaches, *see Krogmann v. State*, 914 N.W.2d 293, 306 (Iowa 2018). Further, we agree with PCR court's conclusion that "Williams has failed to establish any entitlement to relief on any claim by a preponderance of the evidence." Consequently, we find no merit in Williams's cumulative prejudice argument. To set forth each of the PCR court's cogent and succinct responses to Williams' complaints would serve no useful purpose here. And because we cannot provide any better reasoning or analysis than that found

in the PCR court's well-reasoned order, we affirm with this memorandum opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**